**691-15**

ORIGINAL

IN THE

TEXAS COURT OF CRIMINAL APPEALS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

JUL 24 2015

CHRISTOPHER A. PRINE
CLERK

JAMES NOAH APPLON )

Petitioner

)

      VS.               No. 14-14-00092-CR

)

THE STATE OF TEXAS

Respondent

# PETITION FOR DISCRETIONARY REVIEW

Oral argument is waived

FILED IN
COURT OF CRIMINAL APPEALS

JUL 27 2015

Abel Acosta, Clerk

JAMES NOAH APPLON

Pro Se

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 27 2015

Abel Acosta, Clerk

# INDEX

LIST OF AUTHORITIES

I. STATEMENT OF THE CASE

II. PROCEDURAL HISTORY OF THE CASE

III. QUESTIONS PRESENTED FOR REVIEW

A. Whether trial counsel's performance was ineffective because he failed to file a motion for discovery and inspection of evidence on his client's behalf pursuant to Art. 39.14, Tex. Code Crim. Proc. Ann.

B. Whether prosecutorial misconduct was established by the State's failure to timely disclose prejudicial statements outside the presence of a jury rather than during guilt/innocence phase of trial without notice.

C. Whether trial counsel was ineffective because he failed to challenge the State's offer of proof that Petitioner, despite the fact others were present exercised actual care, custody, control, or management of the three (3) loaded weapons found in his girlfriend's bedroom.

IV. REASON FOR REVIEW

A. Trial counsel's actions fell outside the wide range of reasonable and professional assistance as soon as he decided not to compel the State to produce exculpatory evidence outside the presence of the jury in a pretrial hearing.

B. Court of Appeals incorrectly held that Petitioner failed to show prejudice because trial counsel's objection is firmly rooted in the record

C. The Court of Appeals incorrectly held that a rational jury could have found beyond a reasonable doubt that the scintilla of evidence presented was legally sufficient to support the Petitioner's conviction.

V. CONCLUSION AND PRAYER

VI. CERTIFICATE OF SERVICE

LIST OF AUTHORITIES

I. CASES

   Handy v. State, 189 S.W. 3d 296 (Tex. Crim. App. 1987)

   Salinas v. State, 163 S.W. 3d 734, 740 (Tex. Crim. App. 2005)

II. CONSTITUTION

   Federal                    Fourth, Fifth, and Sixth Amendment

III. STATUTES

   Texas Code of Criminal Procedure     Art. 39.14

JAMES NOAH APPLON                          )

Petitioner

                                           )

        VS.                    No. 14-14-00092-CR

                                           )

THE STATE OF TEXAS

Respondent

# PETITION FOR REVIEW

To the Honorable Court of Criminal Appeals :

## STATEMENT OF THE CASE

Trial counsel's failure to vigorously challenge the factual and constitutional merits of the prosecution's case has essentially deprived him of both a meaningful trial and appeal. In the interest of justice Petitioner has requested that this Court review the ineffective assistance and prosecutorial misconduct claims which are apparent from the record.

## PROCEDURAL HISTORY OF THE CASE

Petitioner was indicted for being a convicted felon in possession of the three (3) loaded weapons seized from his girlfriend's residence.

2

Following a jury trial, petitioner was found guilty and pleaded "true" to an enhancement allegation before the trial court sentenced him to seven years in prison.

# QUESTION PRESENTED FOR REVIEW

Whether trial counsel's performance was ineffective because he failed to file a motion for discovery and inspection of evidence on his client's behalf pursuant to Art. 39.14, Tex. Code Crim. Proc. Ann.

# REASON FOR REVIEW

Trial counsel's actions fell outside the wide range of reasonable and professional assistance as soon as he decided not to compel the State to produce exculpatory evidence outside the presence of the jury in a pretrial hearing. See Affidavit attached)

It is reasonable to conclude that trial counsel failed to have a firm command of the facts before he agreed to proceed trial without a ruling on both a motion to discover and suppress evidence later found to be inadmissible. Handy v. State, 189 S.W.3d. 296, (Tex. Crim. App. 1987). Essentially, petitioner was deprived of both a meaningful trial and appeal which is firmly rooted in the record. Salinas v. State, 163 S.W.3d. 734, 740 (Tex. Crim. App. 2005). The presumption that counsel's conduct was reasonable has been overcome by the fact that he knowingly relieved the State of its burden to produce the alleged felony warrant before the Court in a pretrial hearing. And as a result, the Petitioner's rights under the Fourth, Fifth and Sixth Amendments of the United States Constitution

3

have been violated. It is now the Petitioner's understanding that, not the State, but his trial counsel bore the burden of establishing in the absence of proof that a valid felony warrant existed at the time weapons were seized from the residence. Had counsel protested that material facts were intentionally hidden and filed a motion to compel discovery, the results of the trial would have been different.

# QUESTION PRESENTED FOR REVIEW

Whether prosecutorial misconduct was established by the State's failure to timely disclose prejudicial statements outside the presence of a jury rather than during guilt/innocense phase of trial without notice.

# REASON FOR REVIEW

Court of Appeals incorrectly held that Petitioner failed to show prejudice because trial counsel's objection is firmly rooted in the record. Specifically, the State intentionally presented hearsay statements related to several incidents involving a shooting during cross examination of Petitioner's girlfriend. Essentially, the statements though unfounded had properly alluded to Petitioner's exercise of his right to not testify inorder for purposes of setting the record straight. This apparent violation of due process was a staggering blow to the defense and had absolutely no probative value. The fact that this reversible error was harmful and requiring a new trial Petitioner need not explain what is understood based on a cursory review of the record. (RR-V, p.65)

4

## QUESTION PRESENTED FOR REVIEW

Whether trial counsel was ineffective because failed to challenge the State's offer of proof that Petitioner, despite the fact others were present, exercised actual care, custody, control, or management of the three (3) loaded weapons found in his girlfriend's bedroom

## REASON FOR REVIEW

The Court of Appeals incorrectly held that a rational jury could have found beyond a reasonable doubt that the scintilla of evidence presented was legally sufficient to support Petitioner's conviction.

It is clearly a miscarriage of justice to be convicted of possession without offering independent facts describing which out of the three (3) weapons was linked to Petitioner in light of the circumstances. It appears that counsel abandoned his client by failing to challenge the sufficiency of the evidence offered by the State, and as a result this conviction is based solely on Petitioner's fortuitous proximity to the weapons. The fact that police saw others moving around in the house could have served as a rational inference that they were transporting the firearms to the bedroom because it was a possibility that the officers would enter the home. (RR-V; p.24, 32, 43)

## CONCLUSION

Accordingly, Petitioner's conviction should be reversed and order of acquittal is appropriate or an order of new trial issued.

5

## CERTIFICATE OF SERVICE

I, James Noah Applon Petitioner, Pro Se, hereby certify that a true and correct copy of the foregoing Petitioner for Review has been delivered to the prosecuting attorney, and to the State's Attorney, at Austin, Texas, by forwarding to the clerk, this the 15 day of July, 2015.

_James Applon_
Petitioner Pro Se

:6

# Affidavit

Before me, the undersigned authority personally appeared

_James Noah Applon_ **(your name)**, who duly sworn, deposed as

follows: My name is _James Noah Applon_, I am over 18

years of age, competent to make this affidavit and personally acquainted

with the facts herein stated: **(in the following space write the facts/your statement)**

I hereby expressly waive any attorney-client privilege as to the attorney, the subject of this affidavit, and authorize such attorney to reveal any information in the professional relationship to the Court of Criminal Appeals.

On January 22, 2014, I was scheduled for trial and at that time I tried to dismiss my attorney because we couldn't agree, but was told it was too late. He was given one day to prepare for trial.

I started trial on January 23, 2014, and my attorney failed to be prepared and preserve reversible errors which included prejudicial hearsay testimony of me shooting someone when in fact I was shot.

The facts stated here are voluntary.

_Affiant (Your Signature)_

Sworn and Subscribed before me on the __1__ day of __July__, 20 __15__

KIMBERLY ANNE JAMES-ALLISON
Notary Public, State of Texas
My Commission Expires
December 20, 2017

Notary Public In and for
The State of Texas

LL062-(01/06)
Δ

# INDIGENT

HARRIS COUNTY SHERIFF'S OFFICE JAIL

Name: James Anglen

SPN: 01556560

Street: 1200 Baker Street   Cell: 3-C1

Houston, Texas 77002

N HOUSTON

HCSO

15 JUL 25
PM 3 L



US POSTAGE >> PITNEY BOWES

ZIP 77002 $ 000.70⁵
02 1W
0001374179 JUL. 23 2015

LEGAL MAIL

14th District Court of Appeals
1307 San Jacinto, 11th floor
Houston, Tx 77002

77002701818